IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Daniel C. Luberda, | ) | Civil Action No.: 4:13-cv-00897-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Purdue Frederick Corporation, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff filed the above-captioned action alleging various causes of action against a large

number of Defendants stemming from Plaintiff's alleged addiction to Oxycontin. Although some

Defendants have been terminated from the case, thirty five Defendants still remain. Of these thirty-

five Defendants, twenty-nine are represented by Nelson Mullins Riley & Scarborough, four are

represented by Sowell Gray Stepp and Laffitte, one is represented by Rosen Rosen and Hagood, and

one appears to be unrepresented.

This case was removed to this Court on April 3, 2013, less than two months ago. However,

the case has already generated more than one-hundred and twenty docket entries, the review and

management of which have created a burden on the Clerk's Office and Court staff. Further, the three

law firms representing Defendants have, as of the date of this Order, filed twenty-six separate

motions to dismiss, many bearing similar or identical arguments and attachments. Further, each of

these motions will require an equal number of responses by Plaintiff. Managing these motions will

require a great deal of time from the Court, particularly as it requires the Court to cross reference

the numerous other motions.

The Court has inherent power to manage its docket in the interests of justice. *See Hanover*

*Ins. Co. v. Paint City Contractors, Inc.*, 299 F.Supp.2d 554, 556 n.1 (E.D. Va. 2004) (citing

*Internatio–Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 516 (4th Cir. 1955)). Based on the reasons stated above, the Court finds that it will serve the purposes of judicial economy, efficiency and fairness to the parties to streamline the filing of these motions, as well as other filings in the case. The Court will therefore deny all pending motions to dismiss *without prejudice*, and allow the law firms representing Defendants thirty days to each file a single omnibus motion reflecting all of the arguments for their respective clients. This filing procedure will make it easier for the Clerk's Office to docket the parties' filings, and make it easier for the Court to review the parties' arguments.

  **IT IS THEREFORE ORDERED** that all pending Motions to Dismiss are **DENIED**, *without prejudice*, and Plaintiff's Motion for an Extension [Doc. # 123] is **DENIED** as moot.

  **IT IS FURTHER ORDERED** that each law firm representing Defendants shall have thirty (30) days to file a single motion to dismiss reflecting all of the arguments for their respective clients, with the following parameters:[1]

  (1) Nelson Mullins Riley & Scarborough's brief shall not exceed one hundred (100) pages in length;[2]

  (2) Sowell Gray Stepp and Laffitte's brief shall not exceed forty (40) pages in length;

  (3) Rosen Rosen and Hagood's brief does not currently exceed fifteen (15) pages, thus any refiled brief shall not exceed fifteen (15) pages in length;

---

[1] In the event the sole unrepresented Defendant, Michael Friedman, retains one of the law firms already employed in the case, that firm may request leave to file excess pages by way of motion with an accompanying memorandum explaining the need for such excess pages. Should Mr. Friedman retain a separate law firm, and should that law firm also wish to file a motion to dismiss, then its brief shall not exceed (15) pages in length.

[2] All briefs shall be formatted as follows: double-spaced, standard margins, and a twelve-point font.

(4)     Plaintiff's Responses in opposition shall be no longer than the respective brief filed by the applicable law firm on behalf of its clients; and

(5)     All parties shall mail a bound courtesy copy of their briefs and all attachments to chambers.

**IT IS ALSO ORDERED** that for all future motions, each law firm representing Defendants shall file a single motion reflecting all of the arguments for their respective clients subject to the limitations described in Local Rule 7.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 31, 2013

3