IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Daniel L. Luberda as Guardian ad Litem for Daniel C. Luberda, ) ) ) Plaintiff, ) ) vs. ) ) Purdue Frederick Corp., Purdue Pharma ) L.P., The Purdue Pharma Company, Purdue ) Pharmaceutical Products L.P., Purdue ) Pharma Technologies Inc., Purdue Products ) L.P., Purdue Pharmaceuticals Limited ) Partnership, Michael Friedman, Paul ) Goldenheim, M.D., John N. Stewart, and ) Russell Gasdia, ) ) Defendants. ) ) | Civil Action No. 4:13-cv-00897-RBH<br><br><br><br><br><br><br><br>**CONFIDENTIALITY ORDER** |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 26th day of February, 2015, ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Documents, information or other tangible items shall be designated as Confidential Information by marking words that in substance state:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER [or
HIGHLY CONFIDENTIAL – ACCESS RESTRICTED BY COURT

1

ORDER] IN LUBERDA V. PURDUE, USDCt, District of South Carolina, CA No. 4:13-cv-00897-RBH"

The above markings shall in no way obscure the content of the document on which it is placed. Inadvertent failure to designate any information as confidential and subject to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within 30 days of the discovery of the inadvertent failure. At such time, arrangements shall be made for return of all copies of the inadvertently misdesignated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies.

3.  **Documents Which May be Designated Confidential.** Any party to this action or other person who produces, supplies or provides access to information, documents or other tangible items for use in this action in the Course of discovery (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential Information" any such material that it reasonably and in good faith believes is not in the public domain and otherwise constitutes: (i) a Trade Secret; (ii) material or information not appropriate for public disclosure because of personal privacy interests or contractual rights of third parties; (iii) confidential research, development or commercial information, including but not limited to sensitive financial data, technical information, proprietary or nonpublic commercial information, or commercially and/or competitively sensitive information; or (iv) information otherwise protectable under applicable rules, statutes, or common law. When a Producing Party Produces copies of documents that have been designated "Confidential," it shall contemporaneously serve and file a certification, using the form attached hereto as Attachment A, identifying the documents by Bates Number or otherwise and signed by counsel for the Producing Party certifying that all documents so marked satisfy the relevant definitions contained in this Order.[1]

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need

4. **Depositions.**  If, during a deposition or within 30 days thereafter, a Designating Party advises the court reporter that Confidential information has been disclosed during a deposition, the entire transcript shall be treated as Confidential for 30 days after receipt of the deposition transcript, within which time counsel for the Designating Party shall advise the court reporter of the pages and lines on which Confidential information appears.  At the conclusion of such 30-day period, transcript pages and exhibits containing Confidential Information shall continue to be treated as Confidential under this Order, and shall be designated:

> "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER [or HIGHLY CONFIDENTIAL – ACCESS RESTRICTED BY COURT ORDER] IN LUBERDA V. PURDUE, USDCt, District of South Carolina, CA No. 4:13-cv-00897-RBH"

The court reporter shall include on the cover page a clear indication that portions of the deposition have been designated confidential.

5. **Protection of Confidential Material.**

a. **General Protections.**  Documents designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5(b).) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(6) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at

---

not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain the original signed agreement. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL pursuant to this Order:

(1)     The Court and its personnel;

(2)     Counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(3)     Parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[2];

(4)     Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; and

(5)     Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and/or trial of this litigation, but only to the extent reasonably necessary to enable such expert to render such assistance; provided the, prior to disclosure, each such Expert shall execute the Confidentiality Agreement attached hereto as Exhibit B ("Confidentiality Agreement B") and the

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto. Counsel shall retain the certification together with the form signed by the party or employee.

conditions described in paragraph 12 are met. Further, no party may provide access to confidential materials to any person who is an employee, consultant, officer, or director of any competitor of any Defendant without prior consent of the Defendant whose materials are being provided or approved by the court.[2]

c.   **Control of Documents.**   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.   **Copies.**   All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

e.   If a party wishes to disclose any information designated as Confidential to any person not described in paragraph 5 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless the court in this action or an action designated as a specified case, upon application by the party requesting such permission, orders otherwise. However, each party may disclose its own

---

[2] For purposes of this order, the term "Competitor" means any entity that is engaged in the design, formulation or manufacture of controlled-release pharmaceuticals, abuse-resistant pharmaceuticals, or prescription analgesic pharmaceuticals or that designs or manufactures ingredients or machinery used in the manufacture of controlled-release pharmaceuticals, abuse-resistant pharmaceuticals, or prescription analgesic pharmaceuticals.

Confidential Information without regard to this Protective Order, unless otherwise prohibited from doing so under an existing order or duty.

f. Any notes, summaries, compilations or copies containing Confidential Information or electronic images or databases containing Confidential Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images or databases are made or derived.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

7.     **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8.     **Challenges to Designation as Confidential.**  Any party may, at any time after production of material designated under this Protective Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made.  The parties shall, within 15 days of service of the written objections, confer concerning the objection.  If the objection is not resolved, the Designating Party shall, within 15 days of the conference, file and serve a noticed motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue.  If no such motion is filed within the stated time period, the confidential designation shall be removed and the material shall cease to be subject to protection under this order.  If a motion is filed, information subject to dispute shall, until further order of the court, be treated consistent with its designation as Confidential Information.  With respect to any material which is re-designated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or removed as appropriate.

9.     **Treatment on Conclusion of Litigation.**

a.     **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

7

  b. **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents.  This work product continues to be Confidential under the terms of this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

  10. **Order Subject to Modification.**  This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

  11. **No Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c)

of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12. Prior to disclosing Confidential documents, material or information to an Expert under paragraph 5(b)(5), counsel for the party contemplating disclosure shall determine that (i) disclosure to an Expert of particular Confidential Information is, in that counsel's good faith judgment, necessary to that party's prosecution or defense of the case, (ii) the Expert has agreed that he or she will not use any information learned from the documents for any other personal or commercial purpose than to assist counsel in preparing and prosecuting claims related to OxyContin® and (iii) based on direct inquiry to the Expert, counsel has no actual knowledge that the Expert has previously violated any confidentiality agreement and counsel has informed the Expert that violation of this agreement, including subsection (ii), can lead to charges of civil and criminal contempt, or invite civil suit against him or her; and (iv) at the conclusion of the case, counsel will provide to Defendants a list of all Experts who have reviewed Confidential Information covered by this agreement, whether or not they testify.

13. Any party wishing to present or address Confidential Information to the court at a hearing or proceeding prior to trial shall give the Designating Party notice prior to the hearing or proceeding so that the Designating Party may have an opportunity to request that the matter be heard in the presence of only those persons authorized by this Protective Order to have access to Confidential Information.

14. In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof and any notes made therefrom shall be returned to the party claiming privilege and/or work product immunity within seven (7) days and any notes made therefrom shall be destroyed, provided, however, should any party wish to challenge the privilege and/or work product immunity, said

party must file an appropriate motion with the Court within six (6) days of receiving the request for return from the Producing Party.  The burden shall be on the Producing Party to show the documents are subject to the immunity and the objecting party shall treat the subject documents as privileged until the Court has ruled on the matter.

15. If another court or administrative agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Protective Order, such party shall, if there are fewer than 10 days to comply, within two, or if more than 10 days, within at least seven business days prior to the due date of compliance, notify the Designating Party of the pendency of the subpoena or order in writing, and shall not produce the Confidential Information until the Designating Party has had an opportunity, within the time allowed for response to the subpoena or order, to take appropriate steps to protect the material.  It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance.  To give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

16. **Persons Bound.**  This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

s/ R. Bryan Harwell  
R. Bryan Harwell  
UNITED STATES DISTRICT JUDGE

February 26, 2015  
Florence, South Carolina

# ATTACHMENT A
# CERTIFICATION BY COUNSEL OF DESIGNATION
# OF INFORMATION AS CONFIDENTIAL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

| | |
|---|---|
| Daniel L. Luberda as Guardian ad Litem for Daniel C. Luberda, ) ) ) | Civil Action No. 4:13-cv-00897-RBH |
| Plaintiff, ) ) | |
| vs. ) ) | |
| Purdue Frederick Corp., Purdue Pharma L.P., The Purdue Pharma Company, Purdue Pharmaceutical Products L.P., Purdue Pharma Technologies Inc., Purdue Products L.P., Purdue Pharmaceuticals Limited Partnership, Michael Friedman, Paul Goldenheim, M.D., John N. Stewart, and Russell Gasdia, ) ) ) ) ) ) ) ) ) ) | **Certification by Counsel of Designation of Information as Confidential** |
| Defendants. ) ) | |

Documents produced herewith which are listed on the production index provided to counsel have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated February 26, 2015.

By signing below, I am certifying that the marked documents and document sets have been reviewed by counsel who properly applied this Order's definition of "confidential" to them, and that, based on that review and relying on their work and judgment, the marked documents and document sets are properly subject to protection under the terms of the Confidentiality Order.

Check and complete one of the two options below.

❑  I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is _____.

❑ I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date: _____                    _____
                                            Signature of Counsel

                                          _____
                                          Printed Name of Counsel

**ATTACHMENT B**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Daniel L. Luberda as Guardian ad Litem for Daniel C. Luberda, ) ) ) | Civil Action No. 4:13-cv-00897-RBH |
| Plaintiff, ) ) | |
| vs. ) ) | **Acknowledgment of Understanding** |
| Purdue Frederick Corp., Purdue Pharma L.P., The Purdue Pharma Company, Purdue Pharmaceutical Products L.P., Purdue Pharma Technologies Inc., Purdue Products L.P., Purdue Pharmaceuticals Limited Partnership, Michael Friedman, Paul Goldenheim, M.D., John N. Stewart, and Russell Gasdia, ) ) ) ) ) ) ) ) ) ) | **and**<br>**Agreement to be Bound** |
| Defendants. ) ) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated <u>February 26, 2015</u>, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

13

Employer: _____

Business Address: _____

Date: _____     _____

Signature

**ATTACHMENT C**

**CERTIFICATION OF COUNSEL OF NEED
FOR ASSISTANCE OF PARTY/EMPLOYEE**

| | |
|---|---|
| Daniel L. Luberda as Guardian ad Litem for Daniel C. Luberda, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Purdue Frederick Corp., Purdue Pharma L.P., The Purdue Pharma Company, Purdue Pharmaceutical Products L.P., Purdue Pharma Technologies Inc., Purdue Products L.P., Purdue Pharmaceuticals Limited Partnership, Michael Friedman, Paul Goldenheim, M.D., John N. Stewart, and Russell Gasdia, )<br>)<br>Defendants. ) | Civil Action No. 4:13-cv-00897-RBH<br><br><br><br><br><br><br>**Certification of Counsel of Need for Assistance of Party/Employee** |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑      A named party;

❑      An employee of named party _____. This employee's job title is _____ and work address is _____.

Date: _____                          _____
                                                                                        Signature